Credit Foncier of America v. Rogers.

CREDIT FONCIER OF AMERICA, PLAINTIFF IN ERROR V. SAMUEL E. ROGERS, DEFENDANT IN ERROR.

1. **Practice.** Exceptions which are not properly a matter of record, must be preserved in writing, and properly certified by the presiding judge in order to be considered by the supreme court. And affidavits in support of, or in opposition to, any proceeding in the court below, must be embodied in a bill of exceptions.

2. ————: STIPULATION OF ATTORNEYS. A stipulation of the attorneys in the cause, stating that the record is a correct transcript of the proceedings, may be sufficient to justify the judge in the court below in signing the bill as presented, but forms no basis for the supreme court to consider the matters embodied in the bill of exceptions.

ERROR from the district court for Douglas county. Upon a trial of the cause in that court a verdict in favor of the plaintiff for $2,847.50, was returned into court, and defendant moved to set the same aside and for a new trial. The motion was not passed upon by the court, and no judgment had been rendered on the verdict, when defendant moved to dismiss the cause and for an order setting aside the verdict, basing the motion upon a stipulation signed by the president of the plaintiff and the attorney for the defendant, dismissing the action and cancelling any verdict or judgment that might have been rendered therein. The right to dismiss the action was denied by the attorneys for plaintiff in writing, for the reason that they had an attorney's lien thereon duly filed in the action, and that they were also owners of the claim sued on, and that any attempt to dismiss the action was a fraud on their rights, etc. Affidavits pro and con, were read at the hearing of the motion to dismiss, and judgment was rendered sustaining the motion and dismissing the action at costs of the plaintiff. To reverse this judg-

ment the cause was brought into this court by petition in error, the record being made up of these several motions and the affidavits accompanying them, with the stipulation set forth in the opinion, but without any bill of exceptions signed by the judge before whom the proceedings were had. The defendant contended that this court had no jurisdiction of the cause and moved to dismiss it.

*George W. Ambrose*, for the motion.

*Redick & Connell*, contra.

MAXWELL, CH. J.

The attorneys in this case entered into the following stipulation:

"It is hereby stipulated that the foregoing is the record of the proceedings in said cause in said court, upon the motion to dismiss said cause, and shows truly all the proceedings therein, and contains all the evidence before said court on said motion. It is further agreed that said record may be filed in the supreme court, a certified transcript of the same being waived."

*Credit Foncier of America, by Redick & Connell, attorneys.*

*G. W. Ambrose, attorney for defendant.*

This stipulation is appended to what purports to be a bill of exceptions, but the so-called bill of exceptions contains no certificate of the judge, nor is any cause assigned why such certificate has not been obtained. The defendant now moves to quash the bill of exceptions, upon the ground that it is not signed by the judge of the district court, and therefore the record confers no jurisdiction on the supreme court.

The act to amend sections 308 and 311 of the code of civil procedure, approved February 15, 1877, laws of

1877, p. 11, requires the bill of exceptions to be signed by the judge that tried the cause, with a certificate to the effect that the same is allowed. In case of the death of the judge after the exceptions are taken, and before the bill is signed, it is the duty of the clerk of the court to settle and sign the bill. In all cases where the decision is not entered on the record, or the grounds of objection do not sufficiently appear in the entry, the party excepting must reduce his exceptions to writing, and they must be certified in the manner required by the statute before this court has any authority to examine them. And this rule includes affidavits either in support of, or in opposition to, any proceeding in the court below. Affidavits not properly being a part of the record, can only be made such by being embodied in a bill of exceptions. *Ray v. Mason,* 6 Neb., 101. The stipulation of the attorneys in the case might have been sufficient to justify the judge of the court below in signing the bill as presented, but forms no basis for this court to consider the matters embraced in the bill. The motion to quash is therefore sustained and the case is dismissed out of this court.

JUDGMENT ACCORDINGLY.