THE STATE OF NEBRASKA, EX REL., F. M. STRATTON, PLAINTIFF IN ERROR, v. R. H. KNAPP, AND OTHERS, DEFENDANTS IN ERROR.

1. **Bill of Exceptions.** When there is no bill of exceptions this court will presume that there was sufficient evidence before the court below to sustain the findings and judgment.

2. **Stipulation.** This rule is not changed, although there was a stipulation in the court below, which is certified with the record, and from which it might be inferred that there was no other evidence before the court.

THIS was an action in the nature of a *quo warranto*, to determine the right of defendants to hold and exercise the duties of the common council of the city of Wahoo, Saunders county. Judgment below was for defendants, and the cause docketed in this court as an appeal. At the present term, under an order of court made in that behalf, the relator was allowed to file an assignment of error, upon which, with the record, the cause was argued and submitted.

*John Carrigan*, for plaintiff.

*M. B. Reese* (*W. H. Munger* with him), for defendants.

COBB, J.

The assignment of error which the court allowed the relator to file in lieu of a petition in error, contains but the one general point: "That the court erred in finding for the defendants and entering judgment against the relator on the pleadings and proofs presented to the court." In looking into the record it appears that no other point could have been made, as there was no interlocutory decision or ruling whatever in the case, and the point made cannot be considered by this court, for the reason that, there being no bill of exceptions, this court cannot know upon what evidence or testimony the court made the findings and rendered the judgment. When there is no bill of exceptions this court will presume that the trial court acted upon sufficient evidence to sustain its findings and judgment. There is a stipulation of facts in this case certified up with record which may have been relied upon by the plaintiff in error as taking the place of a bill of exceptions. But in no event could it perform such office, without being duly certified under the hand of the judge trying the cause.

The judgment of the district court must therefore be affirmed.

JUDGMENT AFFIRMED.