JOHN HERBISON v. ELIZA J. TAYLOR.

[FILED MARCH 26, 1890.]

1. **Bill of Exceptions:** ESSENTIAL ON REVIEW. In a record without pleadings in which it appeared from a journal entry of the judgment that the plaintiff's cause of action arose from defendant's live stock trespassing upon cultivated ground and the defendant's answer an award of arbitrators, under the herd law, as a bar to the action, *held*, that a bill of exceptions exhibiting the evidence on which the judgment was rendered was required to review it.

2. ———: STIPULATION OF FACTS INSUFFICIENT. Where a stipulation of facts between the parties to a trial in the district court is presented without a bill of exceptions, this court will not accept it as the whole of the evidence upon which the findings and judgment of the court below were predicated unless it is brought up on a proper bill of exceptions.

ERROR to the district court for Franklin county. Tried below before GASLIN, J.

*H. Whitmore*, and *E. W. Metcalf*, for plaintiff in error.

No appearance *contra*.

COBB, CH. J.

In the court below the plaintiff alleged that two steers, the property of the defendant, while at large entered upon

her land and did damage to the amount of $14.  The answer of defendant sets up an arbitration and award in bar of the action.   There was a trial to the court, without a jury, on the following stipulation of facts:

1. On April 17, 1887, the plaintiff impounded two calves of the defendant while trespassing on plaintiff's cultivated land.

2. Notice of the taking up of the calves was served upon defendant by plaintiff on April 18, 1887, as required by the herd law.   The plaintiff selected John Elly as her arbitrator, and the defendent selected O. B. Furbush as his arbitrator.

3. On April 19, following, Furbush examined the damages, as shown by the plaintiff, and on the next day Elly examined the damages, as shown by plaintiff, done by the calves to plaintiff's property, for which they were then impounded.   On the 22d, following, the arbitrators met one-half mile from where the damage was done, and agreed upon their award.   Neither party was present, nor knew of the meeting of the arbitrators, nor waived their being sworn, nor had either party objected to an assessment without their being sworn.   No award was then made in writing, but the arbitrators there agreed that whichever should first see the parties should notify them of the award, which was one dollar.   On the 25th, following, the arbitrators reduced their award to writing, signed and delivered it to the plaintiff, who then said that if the award suited her it was all right, but if it did not suit her it would be otherwise.   After reading the award she said she would not stand by it, because the arbitrators were not sworn.

4. The defendant then offered the plaintiff the award, $1, and sixty cents for keeping the calves, which were refused, but the plaintiff offered to accept $3, which the defendant refused to pay.

5. Prior to the examination of April 19 defendant

offered the plaintiff $2 for damage by his calves, and offered to deposit $6 with the arbitrators, for the payment of such award as might be found, but the plaintiff refused to deliver up the stock.

6. After the plaintiff refused to abide by the award, or to deliver up the calves, she commenced suit for the damages done by the calves, and prosecuted it to judgment. After she commenced her action the defendant replevied the calves and has possession. His damages by reason of detention were nominal, and the value of the calves was $6 each.

On December 21, 1888, judgment was rendered in the district court for the plaintiff for $3 damages, and her costs in the justice's court, and subsequent costs; the defendant's motion for a new trial being overruled, to which the defendant excepted on the record, he now assigns the following errors:

The finding of the court is not sustained by the facts or by the law.

There are brought up in this case the petition in error and the transcript of the judgment and motion for new trial in the district court. Neither the pleadings nor a bill of exceptions are before us. To this record is attached a stipulation of facts entered into by the attorneys of record in the district court. The stipulation is supposed to have taken the place of evidence upon the trial below, and upon it the judgment is founded. That evidence cannot be accepted by this court without a bill of exceptions, settled in due form, as provided by statute. There being none, the court is without the criterion of passing upon the questions raised by the plaintiff in error in his brief.

The judgment below is therefore affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.