FRANK E. JANDT V. LUCIEN DERANLIEU.

FILED JANUARY 5, 1895. No. 5289.

1. Review: TRANSCRIPT OF RECORD. To enable this court to review the judgment of the district court reversing the judgment of the county court on error proceedings, the petition in error on which the district court acted must be incorporated into the record brought here. (*Lean v. Andrews*, 38 Neb., 656.)

2. Transcript for Review: TIME FOR FILING. A transcript of the proceedings containing the final judgment sought to be reviewed must be filed with the petition in error in order to confer jurisdiction upon the court. (*Garneau v. Omaha Printing Co.*, 42 Neb., 847.)

ERROR from the district court of Dawes county.

*E. W. Dailey* and *Spargur & Fisher*, for plaintiff in error.

*Albert W. Crites* and *W. H. Fanning*, contra.

NORVAL, C. J.

This action was commenced in the county court of Dawes county by plaintiff in error to recover the sum of $505.91 upon an account for goods sold and delivered to

the defendant. At the same time the plaintiff sued out a writ of attachment, and certain personal property of the defendant was seized thereunder. Subsequently the defendant appeared and filed a motion to quash and set aside the writ of attachment, which was overruled. Thereupon he moved to dissolve the attachment, which motion was denied. Upon the trial on the merits the plaintiff had judgment, and the defendant prosecuted a petition in error to the district court, where it appears, from the stipulation of the parties, the order made by the county judge upon the motion to discharge the attachment was reversed, and the attached property was discharged. Plaintiff has filed a petition in error in this court to obtain a reversal of the judgment of the district court.

The petition in error must be dismissed for the reason no transcript of the final judgment rendered by the district court is before us. In *Garneau v. Omaha Printing Co.*, 42 Neb., 847, it is said: " A cause cannot be docketed in this court, either on appeal or error, until a transcript of the proceedings in the trial court is filed. The transcript of the record is the foundation of the proceeding here, and until the same is filed this court acquires no jurisdiction to hear and determine the cause. Until then there is no case to review. The statute requires that it shall be filed with the petition in error." (See *City of Brownville v. Middleton*, 1 Neb., 10; *Ward v. Urmson*, 40 Neb., 695; *Baker v. Kloster*, 41 Neb., 890.)

There has been filed in the court a stipulation of the parties which states that the order of the county court in the attachment proceedings was reversed, but the stipulation cannot take the place of a certified transcript of the judgment sought to be reviewed. (*Credit Foncier of America v. Rogers*, 8 Neb., 34; *McCarn v. Cooley*, 30 Neb., 552.)

Again, the judgment cannot be reviewed, for the reason that the record does not contain the petition in error which was presented to the district court. We therefore have no

means of knowing what errors were alleged in the lower court for a reversal of the proceedings of the county court. The bringing up of the petition in error was necessary to obtain a review of the decision of the district court. (*Lean v. Andrews,* 38 Neb., 656.)    The proceedings are

DISMISSED.