Hon. T. O. C. HARRISON, } Judges.
Hon. T. L. NORVAL,

Hon. ROBERT RYAN,
Hon. JOHN M. RAGAN, } Commissioners.
Hon. FRANK IRVINE,

---

STATE INSURANCE COMPANY OF DES MOINES, IOWA, v. BUCKSTAFF BROTHERS MANUFACTURING COMPANY.

FILED FEBRUARY 4, 1896. No. 7641.

| 47 | 1 |
| 47 | 398 |
| 47 | 1 |
| 50 | 520 |
| f50 | 824 |
| 51 | 808 |
| 55 | 222 |

| 47 | 1 |
| f61 | 664 |

1. Record for Review: BILL OF EXCEPTIONS: STIPULATIONS. A written stipulation of facts or mode of proof filed in a cause forms no part of the record, unless made so by a bill of exceptions.

2. ———: ———: ———. Nor can such stipulation make a part of the record in which the same is filed the bill of exceptions settled and allowed in another cause.

3. Absence of Question for Review: AFFIRMANCE. Where the petition in error presents no question for review, the judgment of the trial court will be affirmed.

5 (1)

ERROR from the district court of Lancaster county. Tried below before HALL, J. Heard on motion of defendant in error to affirm the judgment of the trial court. *Motion sustained.*

*Charles O. Whedon,* for the motion.

*Jacob Fawcett, contra.*

PER CURIAM.

This cause was submitted on the motion of the defendant in error to affirm the judgment of the trial court. We have held, where an examination of the record of a cause brought to this court for review discloses that the petition in error presents no question for consideration on a motion to dismiss the proceedings, the cause will be considered on its merits, and the judgment affirmed. (*Upton v. Cady,* 38 Neb., 209; *Erck v. Omaha Nat. Bank,* 43 Neb., 613.) The rule stated above is a salutary one, and its enforcement will tend to discourage the bringing of cases to this court for delay merely.

The petition in error herein contained forty-eight assignments, of which four question the sufficiency of the evidence to support the verdict; three attack the rulings of the court upon the admission of testimony; two relate to challenges of jurors; twenty-seven are predicated upon the giving and refusing of that number of instructions, while but one instruction is copied into the transcript; six are based upon submitting to the jury special findings from 1 to 6 inclusive, and no such findings have been certified up; one that the verdict is contrary to the fifteenth instruction, no such instruction being in the record; and one that

the court erred in overruling the motion for a new trial. Of course we must disregard the assignments which are foreign to the record, and it is obvious that not one of the other errors assigned can be considered without reference to a bill of exceptions containing the evidence adduced on the trial in the court below and preserving the rulings complained of and the exceptions thereto. The important inquiry is whether there is any bill of exceptions in this case. In the transcript brought here we find the following stipulation of the parties:

"In the District Court of Lancaster County, State of Nebraska.

"THE BUCKSTAFF BROTHERS MANUFACTURING COMPANY
v.
STATE INSURANCE COMPANY OF DES MOINES.
} Stipulation.

"It is hereby stipulated and agreed that this case be submitted to the jury now in the box in the case of the Buckstaff Brothers Manufacturing Company *versus* the American Fire Insurance Company of New York, upon the record already made in the said case; the jury to consider all of the oral testimony and exhibits admitted in said case. All of the exhibits admitted or offered in said case are to be taken and considered as applicable to this case; all of the testimony offered, whether oral or written and excluded by the court, shall be considered as offered in this case; and all of the rulings of the court during the trial of said American Fire Insurance Company's case shall be considered as having been made in this case, and all of the exceptions to said testimony and said rulings shall be considered as in this

case; the intention being that this case, when submitted, shall be upon the same record in all respects, with the same rights and exceptions to both parties as in said case of Buckstaff Brothers Manufacturing Company *versus* the American Fire Insurance Company of New York. It is understood that the defendant makes no defense by reason of insufficiency of proofs of loss, and no further testimony is to be introduced in this case, excepting only the insurance policy sued on. This case is to be submitted upon the instructions of the court to be given to the jury, and it is understood that the instructions asked for by both parties in said American Fire Insurance Company case shall be considered as asked for by the respective parties in this case.

"BUCKSTAFF BROTHERS MANUFACTURING COMPANY,

"By CHAS. O. WHEDON, *Its Attorney*.

"STATE INSURANCE COMPANY,

"By J. FAWCETT, *Its Attorney*."

It appears that a bill of exceptions was settled and allowed in the case mentioned in the foregoing stipulation, and it is argued that the same should be treated and considered as a part of the record in the case at bar. Clearly there is nothing in the above stipulation which will justify such a conclusion, although such may have been the intention of the parties when they entered into the same. It was contemplated that other and additional testimony should be adduced in this case than was given in the case of the American Fire Insurance Company, namely, the policy herein declared upon. A proper bill of exceptions in that case, therefore, would not include all the evidence in the case at bar. There is no order of

court making any portion of the record in the case
to which reference has been made a part of the
record herein.   If the bill of exceptions of what
transpired in such other action is to be considered
a part of this record, it is such solely by reason of
the stipulation alluded to, since it is not entitled
in this suit, nor was it signed and allowed herein.
If such stipulation is not itself properly a part of
this record, then it is plain that it cannot be con-
sidered by us for any purpose whatever.   The bill
of exceptions in one cause cannot properly pre-
serve and bring into the record what transpired
in another suit between different parties, so that
we could not expect to find in the bill of excep-
tions in the case of the American Fire Insurance
Company the evidence adduced and rulings made
during the trial in this cause.   It is true the writ-
ten stipulation provides that this case should be
submitted to and decided by the court below upon
the same record as to the rulings of the court and
upon the same testimony as in the other case, save
only the policy in suit; but there is nothing to
show that this agreement was acted upon by the
litigants and the court.   On the contrary, the rec-
ord affirmatively shows that the cause was sub-
mitted to the jury impaneled in the other case by
"agreement in open court," from which the infer-
ence may be indulged that the written stipulation
was ignored by the parties, and not considered by
the court.   The steps requisite to preserve the
evidence upon which the jury found their verdict
and the rulings of the court during the trial have
not been taken.   This could be accomplished only
by a bill of exceptions duly settled in the mode
required by statute.   A stipulation of the attor-
neys in a cause is no more part of the record than

6            NEBRASKA REPORTS.    [VOL. 47

State Ins. Co. v. Buckstaff Bros. Mfg. Co.

a deposition or any other evidence which may have been improperly included in the transcript. Matters which are not properly part of the record cannot be made so by being improperly inserted in the transcript. A stipulation of facts or mode of proof cannot take the place of a bill of exceptions. (*Credit Foncier of America v. Rogers*, 8 Neb., 34; *State v. Knapp*, 8 Neb., 436; *Herbison v. Taylor*, 29 Neb., 217; *McCarn v. Cooley*, 30 Neb., 552.) This stipulation could have been brought into the record by a bill of exceptions; but that not having been done, it is not properly before the court, and hence it cannot be considered.

It is said, in argument, the stipulation was entered into "to relieve the court, counsel and clients, and the interested public, of the repetition of an endless amount of time, labor, and expense." The motive was indeed a laudable one, and it is to be regretted that the failure to make the stipulation a part of the record prevents us from determining whether the judgment was right or wrong. The court, however, is not to blame, since this question of practice had already been settled by repeated decisions. Nor was it necessary, under the views herein expressed, as counsel suppose, that the ponderous and voluminous bill of exceptions in the case of the American Fire Insurance Company should be duplicated at an enormous and needless expense, in order to have preserved the rights of the parties. No reason occurs to us why it might not have been brought into this record, without copying, by settling of a brief bill of exceptions herein making it a part thereof by referring to, and identifying, the same in such a manner that there could possibly be no mistake as to what is referred to. Even if this were not so,

yet the matter of labor and expense involved in duplicating the bill of exceptions is no reason why we should consider as parts of this record the stipulation set out above and the bill of exceptions in another cause, when they have not been made so in the mode prescribed by statute.    Inasmuch as no bill of exceptions has been allowed in this case, the errors relied upon for a reversal cannot be reviewed, and the motion to affirm the judgment must be sustained.

AFFIRMED.