RAFE SHAW, APPELLEE, v. HOLT COUNTY, APPELLANT.

FILED JANUARY 24, 1911. No. 16,280.

1. Counties: SPECIAL BAILIFF: LIABILITY FOR SERVICES. There is no provision of law conferring power on the district court to appoint a special bailiff to take and detain in custody for an indefinite time a witness for the state in a criminal prosecution, and thereby create an indebtedness against the county in which such prosecution is pending.

2. ———: ———: ———. The petition, the substance of which is set out in the opinion, *held* not to contain facts sufficient to constitute a cause of action against the defendant county.

APPEAL from the district court for Holt county: JAMES J. HARRINGTON, JUDGE. *Reversed and dismissed.*

*Edward H. Whelan,* for appellant.

*R. R. Dickson,* contra.

REESE, C. J.

This is an appeal from a judgment of the district court for Holt county.   Plaintiff filed a claim against the county, before the county board of supervisors, in which it was recited that the county was indebted to him in the sum of $166, as bailiff, appointed by the judge of the district court to take charge of a witness for the state in a criminal prosecution then pending against a person charged with the crime of murder; that the witness was placed in plaintiff's custody, and that he retained said custody for 83 days, for which he was entitled to $2 a day.   The county board rejected the claim, when plaintiff appealed to the district court.   He filed his petition in said court wherein he alleged that on the 16th day of March, 1903, he was by the order of the district court appointed as special bailiff of said court to take charge of and have the custody of the body of James T. Thompson, a witness for the state in a criminal prosecution wherein one Edward Slattery was being prosecuted for the crime of murdering Henry Shaw; that the said Thompson was required to enter into a recognizance in the sum of $1,000 conditioned for his appearance to testify as a witness in said cause, but failed to give the recognizance, whereupon plaintiff was appointed as said special bailiff and had the charge and custody of said Thompson from the said 16th day of March, 1903, for the period of 83 days; that plaintiff during said time "looked after said Thompson as per order of the district court," and produced said Thompson in court on the trial of said cause as directed by the order of the court, and that plaintiff is entitled to have for his said services the sum of $2 a day, making due him the sum of $166, which had not been paid, and for which judgment was demanded.

The defendant county answered, first, by a general denial. The answer also contained paragraphs 2, 3, 4, 5, 6 and 7, which were all stricken out by order of the court on motion of plaintiff, and to which defendant excepted, but which, under our view of the case, need not be further noticed. The transcript contains what purports to be a stipulation of the facts, but as no such stipulation has been preserved by a bill of exceptions it cannot be considered. *State v. Knapp,* 8 Neb. 436; *Herbison v. Taylor,* 29 Neb. 217; *State Ins. Co. v. Buckstaff Bros. Mfg. Co.,* 47 Neb. 1; *Keeler v. Manwarren,* 61 Neb. 663. The cause was tried to the court without the intervention of a jury, being "submitted to the court upon the pleadings, stipulations and the evidence. On consideration whereof the court finds for the plaintiff and against the defendant," and judgment was entered for $208.60. There was no motion for a new trial, nor is there any bill of exceptions. This precludes any examination into the merits of the case upon the facts, and the sole question left is as to whether a cause of action is stated in the petition.

In this investigation two questions are presented: First. Is there any statutory authority for an order of the district court requiring witnesses for the state to enter into a recognizance for their appearance in court to testify? Second. If such authority does exist, either by statute or by force of the common law, has the court authority to appoint a special bailiff to take into custody and detain such witnesses indefinitely, or to such time as the principal cause may come on for trial. The record before us nowhere contains any copy of the order of the district court requiring bail of the witness or the appointment of plaintiff as special bailiff. The fact is averred in the petition and denied by the answer. Our attention has not been called to any provision of the statute requiring any order for the admission of witnesses to bail; upon the contrary, it is conceded by the briefs of both parties that no such statute exists. The authority of an examining magistrate to admit witnesses to bail seems to be pro-

vided by section 304 *et seq.* of the criminal code.    There is also authority for the district court to require the recognizance of witnesses on the part of the state in case the venue of the cause' is changed from one county to another.    Criminal code, sec. 458.    But neither of those provisions require the giving of bail by witnesses pending a trial in the district court for the county wherein the offense is alleged to have been committed.    Whether or not the authority existed for making the order requiring the witness Thompson to give bail for his appearance as a witness upon the trial is not a controlling question in this case, and is not decided.    If, however, such authority does exist, either by virtue of the statute or under the rules of the common law, we are yet unable to find any authority for the appointment of a special bailiff to take and detain in custody, for an indefinite time, such witnesses as may be unable to comply with the order and give the required bail.    Were this power to be exercised without limit, it will readily appear that it might be abused to an extent that would render the expense of criminal prosecutions a burden, such as could not be borne.    There is ample authority given by section 36, ch. 28, Comp. St. 1909, for the appointment of bailiffs "to wait on the grand jury and the court during the term" of court, but that does not include the appointment of bailiffs for the purpose named.    We conclude, therefore, that there was no sufficient authority for the appointment of plaintiff as special bailiff in the case, as alleged, to the extent of imposing the burden upon the county of paying his per diem, and that the facts alleged in the petition do not constitute a cause of action against defendant.

The judgment of the district court is reversed, and the cause is dismissed. -

REVERSED AND DISMISSED.