LEWIS L. YOUNIE, APPELLANT, v. FRED SPECHT ET AL.,
APPELLEES.

FILED APRIL 1, 1916.   No. 18850.

Appeal: RECORD: UNAUTHORIZED EXHIBITS.   A judgment will not be re-
    versed upon a stipulation of attorneys as to the evidence, not ap-
    proved by the district judge and embodied in a bill of exceptions.

APPEAL from the district court for Morrill county:
RALPH W. HOBART, JUDGE.  *Affirmed.*

*G. J. Hunt,* for appellant.

*Williams & Williams,* contra.

LETTON, J.

Action to restrain the execution and delivery of a sher-
iff's deed in proceedings taken under a judgment alleged
by plaintiff to be void.  The petition alleges that the judg-
ment is wholly void on account of jurisdictional defects in
the constructive service, and that the deed, if executed, will
cast a cloud upon the title of plaintiff.  The court found
that the allegations of the petition were not supported by
the evidence and for the defendant generally.  Plaintiff ap-
peals.

A transcript of the judgment was filed in this court in
due time. Attached to it are filed two papers, one purport-
ing to be a copy of an affidavit for service by publication,
the other a copy of an order for service by publication in
the action on which the judgment was based.  A stipula-
tion is also attached, which states that the papers of which
these are copies "were the only extraneous evidence of any
kind offered or considered by the court," and "that at-
tached to this stipulation are full, true and correct copies
of said affidavit for service by publication and the order for
service by publication hereinabove described, and by agree-
ment they are to be considered by the supreme court in re-
viewing the ruling of the district court upon the pleadings
in the case first entitled herein."

Such a stipulation cannot be considered unless brought up by a bill of exceptions. *State Ins. Co. v. Buckstaff,* 47 Neb. 1. It is there said: "A stipulation of the attorneys in a cause is no more part of the record than a deposition or any other evidence which may have been improperly included in the transcript. Matters which are not properly part of the record cannot be made so by being improperly inserted in the transcript. A stipulation of facts or mode of proof cannot take the place of a bill of exceptions. *Credit Foncier of America v. Rogers,* 8 Neb. 34; *State v. Knapp,* 8 Neb. 436; *Herbison v. Taylor,* 29 Neb. 217; *McCarn v. Cooley,* 30 Neb. 552. This stipulation could have been brought into the record by a bill of exceptions; but, that not having been done, it is not properly before the court, and hence it cannot be considered." *Keeler v. Manwarren,* 61 Neb. 663.

We must follow the settled policy of the court. It would be manifestly unfair to the district courts to review their proceedings upon evidence which has never been brought into the record, nor examined and certified as a part of it by the district judge.

The pleadings are sufficient to sustain the judgment, and it is therefore

                                   AFFIRMED.

FAWCETT and SEDGWICK, JJ., not sitting.