R. T. Caldwell, appellant, v. Walter Savage et al.,
appellees.

60 N. W. 2d 657

Filed November 6, 1953. No. 33383.

*Leslie D. Carter*, for appellant.

*James A. Hart*, for appellees.

Heard before Simmons, C. J., Carter, Messmore,
Yeager, Chappell, Wenke, and Boslaugh, JJ.

Yeager, J.

This is an action, on its face, by R. T. Caldwell, plain-
tiff and appellant, against Walter Savage, Ernest J. Hug,
and Evelyn T. Hug, defendants. Walter Savage, insofar
as the case is concerned is but a nominal defendant.
Ernest J. Hug and Evelyn T. Hug are the appellees
herein. They will be referred to hereinafter as defend-
ants. The action is for the recovery of $500 claimed to
be owing by defendants to the plaintiff.

A trial was had to the court and judgment was ren-
dered in favor of the defendants. From the judgment
and an order overruling a motion for new trial the
plaintiff has appealed.

For his cause of action the plaintiff pleaded that on
August 24, 1948, a certain agreement was entered into
between plaintiff and defendants whereby the defendants
agreed to sell certain real estate to plaintiff which agree-

ment was void and unenforceable because it was the homestead of the defendants and not acknowledged as required by statute; that the plaintiff paid $500 on the purchase price to Walter Savage, agent of the defendants; and that the defendants refused to perform the contract and have refused to return the $500. The prayer is for a judgment for this $500 with interest.

The defendants by answer admitted the execution of the void contract.

By general denial they denied that Walter Savage as their agent received from plaintiff $500.

The sole issue presented by the pleadings was that of whether or not Walter Savage as agent of the defendants received $500 from the plaintiff which defendants refused to repay to plaintiff.

The court accepted the contention contained in the answer and rendered judgment accordingly. The judgment therefore is supported by the pleadings. It is not contended otherwise in the briefs.

This case comes here without a bill of exceptions. It therefore follows that the judgment, being supported by the pleadings, must be affirmed.

The controlling rule in a situation such as this is the following: "In the absence of a bill of exceptions it will be presumed that issues of fact presented by the pleadings were established by the evidence, that they were correctly decided, and in such situation the only issue that will be considered on appeal to this court is sufficiency of the pleadings to support the judgment." Goger v. Voecks, 156 Neb. 696, 57 N. W. 2d 621. See, also, Jones v. City of Chadron, 156 Neb. 150, 55 N. W. 2d 495; Wabel v. Ross, 153 Neb. 236, 44 N. W. 2d 312.

This court is asked to consider a stipulation of facts which was filed in the district court before trial. The stipulation appears in the clerk's transcript and it may be presumed that it was considered by the trial court in arriving at its decision. That stipulation however may

not be considered here. It is not a part of the record which has come here for review.

The procedure for presenting a stipulation of facts for review on appeal is identification, introduction in evidence, and preservation in a bill of exceptions. Unless this procedure is followed the stipulation may not be noticed. State Ins. Co. v. Buckstaff Bros. Mfg. Co., 47 Neb. 1, 66 N. W. 27; Younie v. Specht, 99 Neb. 621, 157 N. W. 336; Prokop v. Mlady, 136 Neb. 644, 287 N. W. 55; Todd v. Board of Educational Lands and Funds, 154 Neb. 606, 48 N. W. 2d 706.

In the light of the conclusions arrived at, specific reference to the assignments of error contained in the appellant's brief is rendered unnecessary.

The judgment of the district court is affirmed.

AFFIRMED.