MARY ETHEL THIES, APPELLEE, v. PERRY JOSEPH THIES, APPELLANT.

FILED MAY 3, 1919.  No. 20198.

Appeal in Equity: BILL OF EXCEPTIONS. This court will not entertain an appeal, in an equity case, involving findings of fact made by the trial court, unless the record presented contains the evidence, bearing upon the issue, preserved in a bill of exceptions.

APPEAL from the district court for Douglas county: CHARLES LESLIE, JUDGE. *Leave to file bill of exceptions; otherwise, appeal dismissed.*

*A. H. Murdock, C. C. Sheppard* and *F. P. Marconnit,* for appellant.

*H. A. Dano* and *Kelso A. Moran, contra.*

CORNISH, J.

This is a divorce action in which both of the parties prayed for absolute divorce and such other relief as might be just and equitable. The trial court entered a decree of separate maintenance for the wife, who is plaintiff. The defendant appeals.

The power of the trial court to enter a decree for separate maintenance in divorce actions, where the evidence justifies it, has been decided by this court, and we are not disposed to overrule our previous decisions. *Sample v. Sample,* 82 Neb. 37, and cases cited.

The defendant (appellant) further contends that the findings of fact made by the court are not sufficient to sustain the decree. The record brought to this court by defendant does not contain the evidence preserved in a bill of exceptions. The question arises whether this court will entertain an appeal involving, in any way, findings of fact based upon the evidence when the evidence is not presented to the court. Section 8198, Rev. St. 1913, provides that in appeals in equity cases, wherein review of some or all of the findings of fact is asked by the appellant, the supreme court

is required "to retry the issue or issues of fact involved in the finding or findings of fact complained of upon the evidence preserved in the bill of exceptions, and upon trial *de novo* of such question or questions of fact reach an independent conclusion as to what finding or findings are required under the pleadings and all the evidence, without reference to the conclusion reached in the district court or the fact that there may be some evidence in support thereof."

"Trial *de novo*" means to try anew; for a second time. Where the contention is that the evidence will not support the findings and decree entered, then of course an issue is presented which this court could not determine without having the evidence before it. If the contention is that some finding of the court was not supported by the evidence, then so much of the record and evidence as bears upon that issue should be brought to this court; and, if the contention is that a necessary finding to support the decree has not been made, we are still of opinion that the statute contemplates a consideration by the court of the pleadings and the evidence, for the purpose of making the proper findings and decree, or, in its discretionary power, remanding the case for further proceedings. *Hanson v. Hanson,* 4 Neb. (Unof.) 880, 887; *Colby v. Foxworthy,* 80 Neb. 239, 244; *In re Littlefield,* 61 Wash. 150; *Taffe v. Smyth,* 62 Or. 227; *In re Estate of McVay,* 14 Idaho, 56.

When the review sought in no way involves the findings of the court upon the evidence, then it would not be necessary to preserve the evidence in a bill of exceptions.

It is possible that the evidence has been preserved in a bill of exceptions, properly certified to, in which event the defendant has leave to file the same in this court within 20 days; otherwise, his appeal to stand dismissed.

JUDGMENT ACCORDINGLY.

The following opinion on rehearing was filed December 26, 1919. *Former judgment adhered to.*

Appeal in Equity: TRIAL DE NOVO.  Under section 8198, Rev. St. 1913, if "a finding of fact" is "complained of" on appeal from the district court in an equity case, this court must try *de novo* the issue of fact "involved in the finding," and for that purpose must have "the evidence preserved in the bill of exceptions."

SEDGWICK, J.

In our former opinion in this case, *ante,* p. 499, the judgment of the lower court was affirmed, on the ground that it was sought to review the findings of fact of the trial court, and the evidence was not contained in the record so that the court could retry the issues of fact involved, as the statute requires. Upon the motion for rehearing it was contended that this question had not been presented by the parties, and that, therefore, the defendant had had no opportunity to discuss the question. A rehearing was granted and additional briefs were filed and argument heard thereon.

The trial court made the following finding: "The court  *  *  *  finds that the evidence is not sufficient to justify the court in granting the plaintiff an absolute decree of divorce on any of the grounds alleged in her petition, but that it is for the best interests of the plaintiff and the defendant and their minor child that a decree of separate maintenance should be granted the plaintiff, and that the defendant should be required to separately maintain and provide for his said wife and minor child, and that for this purpose should be required to pay to the plaintiff on the first day of February, 1917, and on the first day of each and every month thereafter until the further order of this court, the sum of $35 for the support and maintenance of the plaintiff and Marie Adaline Thies, the said minor child of the plaintiff and defendant," and entered a decree accordingly.

The appellant contends that this finding is insufficient to support the decree. The defendant appears to con-

tend that under section 8198, Rev. St. 1913, it is only when it is sought to review the evidence in support of some of the findings of fact that this court is to try the questions *de novo*. If we consider the early practice upon appeals in equity, and the language of this section of our statute, it will not admit of such a construction. "The court * * * finds that the evidence is not sufficient to justify the court," etc. If the appellant seeks a "review" of a finding of fact, this court must retry the issue involved in the finding "complained of" upon the evidence preserved in the bill of exceptions. When in an action in equity a finding of fact by the district court is complained of, and a party appeals seeking to review it, as in this case, this court must try the issue of fact "involved in the finding," and for that purpose must have "the evidence preserved in the bill of exceptions." This would seem to be especially so when the finding itself suggests an examination of the evidence. If all parties concede that the findings are correct and based upon the evidence, and the court has made some order or entered a decree inconsistent with those findings, a very different question is presented, as in *Shelby v. Creighton,* 2 Neb. (Unof.) 264. It must be remembered, however, that the opinion in that case was not made official, as the court was not then ready to be bound by it as a precedent.

*Sowerwine v. Central Irrigation District,* 85 Neb. 687, is not exactly in point in this case. In that case the parties agreed that the facts were as found in the findings, and the appellant stated in his brief, as quoted in the opinion: "We think that the court's findings show that the land was, in fact, nonirrigable." In answer to this the opinion says: "We cannot add to or take from the language of the court, or enlarge the scope of its findings, *by construction.*" The words "by construction" are omitted from the third paragraph of the syllabus. Whether this is merely accidental does not appear, but the nature of the case and admissions of the

parties show that that was really what the court meant.

In our case, as stated in our former opinion, the contention was that "the findings of fact made by the court are not sufficient to sustain the decree." That is, the trial court did not find enough facts. Some of the evidence was not properly considered and passed upon by the trial court. It is exactly the same as though the trial court had entered a judgment without making any findings. We would not, in such a case, reverse the judgment because there were no findings, without seeing what the evidence was. Under our statute, as properly construed, we would say that, if the judgment is right upon the evidence before the court, we will not reverse it, whether there are any findings or not; and, if the judgment was right and in accordance with the evidence and the pleadings, we would not reverse the case for any defect, omission or error in the findings. That is the question presented in this case.

The statute requiring this court to decide appeals in equity *de novo* was enacted in 1903. *Brown v. Williams,* 34 Neb. 376, and *City of Omaha v. Bowman,* 63 Neb. 333, and other cases decided under the old practice, are not in point. *McMillan v. Diamond,* 77 Neb. 671, decided under the present statute, is precisely in point, and is followed—"If the judgment of the district court is one which might be supported by competent testimony on questions of fact arising on the pleadings, in the absence of a bill of exceptions containing the testimony, we will presume that the judgment is supported by the evidence." And, in the opinion: "If a demurrer 'had been sustained to the petition, or if on a demurrer *ore tenus* the court had excluded the evidence offered by plaintiffs, the record would then present the question of the jurisdiction of a court of equity to grant the relief prayed for." That is, if the judgment is supported by the pleadings and evidence, it will, upon trial *de novo,* be affirmed "without reference to the conclusion" of the trial court. If the facts, as stated in the petition, do not entitle the

plaintiff to the relief given in the judgment, and a demurrer is filed, or objection to receiving any evidence is made by a demurrer *ore tenus*, "the record would then present the question of the jurisdiction of a court of equity to grant the relief prayed for."

We are satisfied that our former decision is right, and it is therefore adhered to.

APPEAL DISMISSED.

MORRISSEY, C. J., and LETTON, J., dissent.