MICHAEL B. BEECHAM, APPELLEE, v. FALSTAFF BREWING CORPORATION ET AL., APPELLANTS.

36 N. W. 2d 233

Filed February 25, 1949. No. 32565.

*Fraser, Connolly, Crofoot & Wenstrand, Robert G. Fraser,* and *John E. Sidner,* for appellants.

*Eugene D. O'Sullivan, Arthur J. Whalen,* and *Eugene D. O'Sullivan, Jr.,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

This is an action by Michael B. Beecham, plaintiff, appellee here, against Falstaff Brewing Corporation and Donald P. Miller, Commissioner of Labor, defendants, appellants here, to recover unemployment benefits under the provisions of the Placement and Unemployment Insurance Law of the State of Nebraska, this law being sections 48-601 to 48-668, R. S. 1943, as amended.

Prior to the events under consideration here appellee had for 25 or 30 years been a truck farmer. There is no evidence that he had any special training in any vocation except that of a farmer or that he at any time adapted himself to any other class of work involving any class or degree of skills. On February 13, 1945, he became employed by the Falstaff Brewing Corporation as a watchman. The duties of the employment were those generally and usually attached to such positions. No particular skills appear to have been involved. He continued in this employment until December 1, 1947. On November 15, 1947, he was notified that his employment would cease on December 1. A day or two before he left his employment as watchman he was informed that he could have a job as attendant in the men's dressing room. The duties of the offered job were janitorial in character. The occupant of the job was required to keep the room and toilets located therein clean and to remove therefrom as occasion required empty beer cases which would accumulate. The actual work was not heavy and actual working hours few. The hours of the job offered were not longer than those of watchman and the pay was higher.

Appellee did not accept the new job but on December 2, 1947, he registered for work with the Nebraska State Employment Service at Omaha, an agency having recognition under the Placement and Unemployment Insurance Law, and filed claim for unemployment benefits. Later at the request of the Falstaff Brewing Corporation he was sent back by the Nebraska State Employment Service to the brewery where he again declined to accept the job as janitor.

It is undisputed under the facts as disclosed by the record that if appellee is entitled to unemployment benefits at all he is entitled to them at the rate of $18 a week for the legal maximum of 18 weeks.

The claim was, agreeable to law, presented to and determined by a claims deputy. The deputy allowed benefits on the ground that the appellee was refused suitable work.

Appeal, also in due form of law, was taken by the Falstaff Brewing Corporation to the appeal tribunal set up under the law where the decision was reversed on the ground that appellee failed without good cause to accept suitable work when offered.

Appeal, likewise in due form of law, was then taken to the district court and the decision of the appeal tribunal was reversed and the claim sustained on the ground that the work offered was not suitable work considering the age and condition of health of appellee, having regard to his prior employment.

The appeal here is from this determination made by the district court. The only question for determination here is that of whether or not the district court erred in its determination that the work offered was not under the law and the facts as disclosed suitable work.

Paragraph (c) of section 48-628, R. S. Supp., 1947, provides in part as follows: "(1) In determining whether or not any work is suitable for an individual, the commissioner shall consider the degree of risk involved to his health, safety and morals, his physical

fitness and prior training, his experience and prior earnings, his length of unemployment and prospects for securing local work in his customary occupation, and the distance of the available work from his residence; (2) notwithstanding any other provisions of sections 48-601 to 48-668, no work shall be deemed suitable and benefits shall not be denied under said sections to any otherwise eligible individual for refusing to accept new work under any of the following conditions: * * * (ii) if the wages, hours, or other conditions of the work offered are substantially less favorable to the individual than those prevailing for similar work in the locality; * * *." There are other named conditions under which new work may not be considered suitable but they have no bearing on the matter under inquiry here.

. While from this language it would appear that the determination in these respects is to be made by the Commissioner of Labor, section 48-630, R. S. 1943, points out that the decision within these limits is to be made by a deputy designated by the commissioner.

Without question the deputy is an agent within the department who in the first instance in cases such as this is required to make the determination upon which the law is to be administered. § 48-630, R. S. 1943. Likewise the appeal tribunal is an agency set up within the department for the purpose of reviewing the action of the deputy and making its determination on the law and facts which determination supersedes the one made by the deputy if it is in conflict therewith. § 48-633, R. S. Supp., 1947. §§ 48-634, 48-635, 48-636, and 48-637, R. S. 1943.

Thus up to this point the determination, decision, interpretation, and application of the law to the facts in each particular case must be made by officers or agencies charged with the duty of construing, administering, and applying the law. § 48-628, R. S. Supp., 1947.

The law makes provision for appeal to the district court from the appeal tribunal and from the district

court to the Supreme Court. § 48-638, R. S. Supp., 1947. §§ 48-639, 48-640, R. S. 1943.

It becomes necessary then to determine what force and effect if any should be accorded to the decision of the appeal tribunal by the district court on appeal.

Section 48-639, R. S. 1943, contains the following: "In any judicial proceeding under sections 48-638 to 48-640 the court shall consider the matter de novo upon the record." This court, in considering similar language in section 48-706, C. S. Supp., 1939, which was a part of the then Nebraska unemployment compensation law, said in the opinion in Deshler Broom Factory v. Kinney, 140 Neb. 889, 2 N. W. 2d 332: "The district courts of this state are courts of general jurisdiction, and in the absence of specific statutory restriction a provision of statute providing for an appeal to and a trial de novo in the district court contemplates a trial in the commonly accepted sense of that term in a court of general jurisdiction, including the right to produce evidence in the same manner as if the action had originated in the district court."

It follows then that when this matter came before the district court it became the duty of that court to consider and determine the case de novo or in other words to try the case anew. Thies v. Thies, 103 Neb. 499, 172 N. W. 364, 175 N. W. 646.

There is evidence that appellee objected to accepting the work because it involved the cleaning of toilets. On the record this objection was clearly aesthetic since there is no suggestion that this character of work would be anything more than an offense to sensibilities.

In an opinion in Collins Radio Company v. Iowa Employment Security Commission, a case in the district court for Linn County, Iowa, which opinion is cited in Unemployment Compensation Interpretation Service, Benefit Series, Vol. 6, No. 10, p. 125, in dealing with a matter very much like the one presented here, it was said: "The position of janitor is honorable and decent

and one which no self-respecting American citizen needing employment should hesitate to accept, if it is within his physical capabilities. It is true that, as claimant urged in his testimony, if he did not wish to accept it he was entirely within his legal rights in refusing to do so. But that does not mean that he could refuse and still collect unemployment compensation. The record seems to show that the claimant did not want to act as a janitor, that he felt it was somewhat beneath him. In this it is impossible to agree. Pride is a standard American virtue, and in its place is an excellent thing; but pride which leads one in need of employment to refuse honorable work which he is able to perform, and to elect to collect compensation because of unemployment, is not a virtue."

While this observation would seem to have no application by reason of the Nebraska statute in those cases where the applicant's former employment depended upon particular training or skills and the offered employment involved a definite departure therefrom, yet in a situation such as this where no such elements existed we think it should have controlling force and effect.

Another theory on which appellee has sought to sustain his contention is that the work was unsuitable because it involved risk to his health and physical fitness.

In this connection he said that on July 27, 1947, there was spraying at the brewery for the purpose of killing cockroaches and he inhaled sufficient of the spray so that on account thereof he went to the hospital for two days and remained away from work for a week. He also said that the doctor who attended him said not to take the job and that on account of the condition his lungs were in he was better off outside. Also he said that he had a hernia which he protected by wearing a truss.

The doctor did not appear as a witness but a statement prepared by him is in evidence without objection relating to appellee and this subject matter wherein on January 27, 1948, it was stated that appellee had asthmatic bronchitis and a left inguinal hernia which would permit him

to do light work as a watchman. There is nothing in it to throw any light on the question of whether or not his health would be adversely affected by the performance of the duties of this offered position.

The record discloses that the offer was of an 8-hour-day position but which position involved only about three hours of work each day; that the work involved scrubbing two floors and aisles between lockers, keeping three or four toilets clean, and removing empty beer cases which weighed eight to ten pounds each; and that no other lifting was involved. The description of the floor area is not accurate or adequate but it is sufficient from which to infer that it was not large.

There is nothing in the evidence to indicate a lack of physical ability to do this work. In fact there is evidence indicating a desire on the part of appellee to be assigned to work at the brewery which involved handling full beer cases weighing about 50 pounds each.

From the evidence it may be said that appellee came to the conclusion that the employees of the brewery smoked in these rooms and in consequence thereof it would have been detrimental to his health to accept employment therein.

The conclusion that this condition would be detrimental to his health finds no support in evidence having probative value. It did not depend either upon trial and experience by appellee at that place or elsewhere or upon expert or nonexpert testimony of other witnesses that the condition obtaining in this offered employment would adversely affect his health taking into consideration his condition if he engaged in the performance of the work of the position. The only evidence tending to support the conclusion is the testimony of appellee that the doctor hereinbefore referred to, without any indication that he knew or was apprised of the work or the conditions under which it was to be performed except that it was inside work, advised him not to accept the work because in his condition he would be better off outside. This was

insufficient upon which to base a finding and determination that the work of the offered position would detrimentally affect appellee's health or physicial fitness.

The decree of the district court is reversed and the action dismissed.

REVERSED AND DISMISSED.