73 N.W.2d 175 (1955)
161 Neb. 278
Milton R. HIGGINS, Appellee,
v.
POSTAL LIFE AND CASUALTY INSURANCE COMPANY, a Corporation, Appellant.
No. 33819.
Supreme Court of Nebraska.
November 18, 1955.
*176 Hines & Hines, Benkelman, Harold D. Knight, Kansas City, Mo., for appellant.
D. E. Owens, Benkelman, for appellee.
Heard before SIMMONS, C. J., and CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE and BOSLAUGH, JJ.
CARTER, Justice.
This is an action under a limited accident insurance policy to recover damages resulting from an accident which occurred on or about October 3, 1952. The defendant insurance company denied by its answer that there was any liability under the limited terms of the policy. A jury was waived by the parties. The trial court found for the plaintiff in the amount of $339.50 with interest at six percent per annum from December 13, 1954. The defendant appeals.
There is no bill of exceptions in the present case. The court will take judicial notice of such fact. In the absence of a bill of exceptions it will be presumed that issues of fact presented by the pleadings were established by the evidence and that they were correctly decided. In such a situation the only issue that will be considered on appeal to this court is the sufficiency of the pleadings to support the judgment. Goger v. Voecks, 156 Neb. 696, *177 57 N.W.2d 621; Gernandt v. Beckwith, 160 Neb. 719, 71 N.W.2d 303; Zenker v. Zenker, Neb., 72 N.W.2d 809.
There is attached to the transcript a purported stipulation of facts to which two exhibits are attached. The first is the original policy of insurance in the action, and the second is a true and correct description and illustration of the Farmhand tractor attachment to which reference is made in the stipulation. It has long been the rule in this state that a stipulation of facts appearing in the transcript is without authority of law and it may not be noticed on an appeal. The procedure for presenting such an instrument to this court for its consideration is by identification, introduction in evidence, and preservation thereof in a bill of exceptions. Prokop v. Mlady, 136 Neb. 644, 287 N.W. 55; Todd v. Board of Educational Lands & Funds, 154 Neb. 606, 48 N.W.2d 706; Caldwell v. Savage, 157 Neb. 603, 60 N.W.2d 657.
The only question for decision, therefore, is the sufficiency of the pleadings to support the judgment of the district court. In this respect the petition alleges: Plaintiff is a resident of Dundy County, Nebraska, and the defendant is a foreign insurance company; that on January 23, 1952, defendant issued a policy of insurance to the plaintiff providing benefits for injuries sustained by accidental means; that on October 3, 1952, plaintiff was injured in an accident to a tractor-drawn vehicle while he was riding therein; and that said policy of insurance provided benefits for bodily injury sustained "as a result of an accident to any tractor-drawn vehicle while the assured is actually therein in the amount of $1000.00." The petition further alleges that due notice of the accident and the injuries sustained by the plaintiff was given to the defendant in accordance with the terms of the policy, and that demand was made for the benefits due under the policy which was refused. The answer admits the residence of the plaintiff, that defendant is a foreign corporation, and that the cause of action arose in Dundy County. All other allegations of the petition were denied.
The petition clearly alleges facts sufficient to state a cause of action against the defendant. The proof of such facts is presumed in the absence of a bill of exceptions. The judgment is within the scope of the pleadings. Since the only error assigned involves a consideration of the evidence, there is nothing before the court on which a claim of prejudicial error can be predicated. Under the record before us an affirmance of the judgment is required.
Affirmed.