DONALD A. STEWART, APPELLEE, v. L. N. RESS, STATE ENGINEER OF THE STATE OF NEBRASKA, ET AL., APPELLANTS.

83 N. W. 2d 901

Filed June 28, 1957. No. 34196.

*Clarence S. Beck,* Attorney General, and *Ralph D. Nelson,* for appellants.

*Stewart & Stewart* and *Raymond K. Calkins,* for appellee.

Heard before SIMMONS, C. J., MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

BOSLAUGH, J.

The object of this litigation is to secure an adjudication that the order of revocation made on September 26, 1956, by L. N. Ress, as the Director of Motor Vehicles, of the license issued to appellee authorizing him to operate a motor vehicle in Nebraska was void; to obtain a restraining order and an injunction; and general equitable relief.

Appellee asserted that the action taken in that regard by L. N. Ress as Director of Motor Vehicles, hereafter referred to as appellant, was unauthorized and ineffective because his files and records did not contain sufficient proof as specified by law to authorize him to suspend or revoke the license of appellee and that the files and records of the office of appellant did not disclose that appellee had accumulated a total of 12 or more points as described in the point system of the state dealing with traffic violations. §§ 39-7,128 to 39-7,133, R. S. Supp., 1955. It was alleged that the files and records of appellant did show that the conviction for speeding on March 13, 1956, was of a person named Donald H. Stewart whereas the name of appellee is Donald A. Stewart and he has not been known by nor has he used the name of Donald H. Stewart; that the conviction for speeding on July 23, 1956, was of the holder of motor vehicle operator's license No. J2-1901 L whereas the driver's license of appellee was on that date No. J2-190 16; and that the alleged convictions on March 13, 1956, July 23, 1956, and September 11, 1956, were for speeding but evidence is lacking that the convictions were for speeding in violation of a municipal ordinance or statutory prohibition as is required by statute.

The hearing of the application of appellee for a restraining order was set by the district court for 10 a. m., October 20, 1956. The order revoking the license

of appellee was canceled by appellant October 19, 1956. A second order of revocation of the license of appellee was made on that date and notice thereof to appellee was then mailed to him. Appellee and his counsel learned from the attorney for appellant of the cancellation of the first order of revocation and the making of the second when they appeared for the hearing on October 20, 1956. Appellee filed a supplemental petition asserting reasons why the second order of revocation of his license was void. This order of revocation was canceled by appellant December 3, 1956. A third order of revocation of the license of appellee for 1 year from September 11, 1956, was made December 3, 1956, and notice thereof was given to appellee on December 4, 1956.

The answer of appellant to the petition of appellee, filed November 19, 1956, contained a denial and an allegation that appellant made an order October 19, 1956, revoking the license of appellee and notice thereof was given him October 20, 1956; and that appellee surrendered his license to appellant on demand therefor October 1, 1956.

The cause was tried to the district court December 12, 1956, on the petition of appellee, the answer of appellant, and the supplemental petition of appellee. There was no mention in the pleadings at that time of the order of revocation of the license of appellee made on December 3, 1956. At the conclusion of the trial on December 12, 1956, the court gave appellant leave to make answer to the supplemental petition which was done on December 19, 1956, and permission to appellee to reply to the answer of appellant which was done on December 29, 1956.

The answer of appellant to the supplemental petition alleged that appellant revoked the license of appellee December 3, 1956, by authority of section 39-7,129, R. S. Supp., 1955, because he had been convicted of speeding on July 7, 1955, in violation of section 39-723, R. R. S.

1943, in the justice of the peace court in Fairbury; on March 13, 1956, in violation of a city ordinance of the city of Lincoln in the municipal court of that city; on July 24, 1956, in violation of an ordinance of the city of North Platte in the police court of that city; and on September 11, 1956, in violation of a city ordinance of the city of Lincoln in the municipal court of that city. The answer further alleged that appellee pleaded guilty to each of the charges of speeding as aforesaid and that he surrendered his license to appellant on his demand therefor on October 1, 1956. Appellee by reply denied the new matter of the answer of appellant.

The district court found generally for appellee, granted an injunction enjoining appellants from retaining the license of appellee or from interfering with his use and enjoyment of it, ordered appellants to return the license to appellee and to expunge from the records of the Director of Motor Vehicles any showing appearing therein concerning any of the alleged four convictions of appellee for speeding, and set aside and annulled the action taken by appellants in reliance on the four alleged convictions of appellee for speeding. A motion for a new trial was denied. The subject of this appeal is the judgment and denial of a new trial.

The material circumstances of this case are few. There is no conflict of evidence concerning them. The record contains proof to this effect:

Appellee was charged in the justice of the peace court in Fairbury, Nebraska, with operating a motor vehicle on June 24, 1955, at a speed in excess of that allowed by and in violation of section 39-723, R. R. S. 1943. A hearing thereon was had July 7, 1955. Appellee pleaded guilty to the charge and was sentenced to pay a fine and the costs.

Appellee was charged in the municipal court of Lincoln, Nebraska, with operating a motor vehicle within the city of Lincoln on March 3, 1956, at a greater speed than 25 miles per hour, contrary to and in violation of

an ordinance of the city regulating speed of motor vehicles therein. A hearing of the complaint was had on March 13, 1956. Appellee pleaded guilty to the charge and was adjudged to pay a fine and costs which he paid on that date.

Appellee was charged in the police court of the city of North Platte, Nebraska, with operating a motor vehicle on July 23, 1956, within that city at a greater speed than allowed by and in violation of an ordinance of that city regulating the speed of motor vehicles therein. A hearing of the matter was had on July 24, 1956. Appellee pleaded guilty to the charge and was adjudged to pay a fine and costs.

Appellee was charged in the municipal court of the city of Lincoln, Nebraska, with operating a motor vehicle within the city of Lincoln on September 4, 1956, at a greater speed than 25 miles per hour, contrary to and in violation of an ordinance of the city regulating the speed of motor vehicles therein. A hearing concerning the charge was had on September 11, 1956. Appellee pleaded guilty to the charge and was adjudged to pay a fine and costs which he paid on that date.

Appellee does not contend in this litigation that he was not charged with the four offenses above described or that he did not plead guilty to each of them or that he was not in each instance adjudged to pay and did pay a fine and the costs. He admitted the first conviction described above by the allegation in his petition: "That at the time of the first conviction of this plaintiff as set forth in the attached notice * * *." He inferentially concedes that he was charged with and arrested for the four offenses for speeding described herein by the part of his supplemental petition in which he says: "Plaintiff has not been arrested for or charged with any of the violations set forth in Section 39-7,128, Revised Statutes of Nebraska, 1955 Cumulative Supplement * * * other than those set forth in the original notice sent to him by defendants, a copy of which is attached to

the petition * * *." The plea of guilty to each of the charges made by appellee was the equivalent of a conviction by trial and verdict or a finding of guilt by the court.

Accused, by making a plea of guilty, waives all defenses except that the complaint or information is not sufficient to charge an offense. Such a plea makes a jury trial or any trial unnecessary. A plea of guilty accepted by the court is a conviction or the equivalent of a conviction of the highest order. The effect of it is to authorize the imposition of the sentence prescribed by law on a verdict of guilty of the crime charged. Martin v. Sanford, 129 Neb. 212, 261 N. W. 136, 100 A. L. R. 179; Duggan v. Olson, 146 Neb. 248, 19 N. W. 2d 353, certiorari denied 327 U. S. 790, 66 S. Ct. 803, 90 L. Ed. 1016; Taylor v. State, 159 Neb. 210, 66 N. W. 2d 514; Lingo v. Hann, 161 Neb. 67, 71 N. W. 2d 716.

Each conviction of appellee for speeding in violation of a city ordinance or a statute of the state amounted, under the point system for dealing with traffic violations, to 3 points and a total of 12 points for the four convictions. § 39-7,128, R. S. Supp., 1955. Evidence of the convictions of appellee as recited above was certified to the Director of Motor Vehicles and when it came to his attention that appellee had accumulated a total of 12 points within a 2-year period it was the duty of appellant to revoke the license of appellee to operate a motor vehicle in the state for a period of 1 year from September 11, 1956, the date of the last conviction. § 39-7,129, R. S. Supp., 1955; Durfee v. Ress, 163 Neb. 768, 81 N. W. 2d 148. This was a duty, ministerial in character, required to be performed by appellant. § 39-796, R. S. Supp., 1955.

This is an action for injunction. It is an indirect or collateral challenge of the administrative act of appellant in revoking the license of appellee. The statutes provide for a direct attack on such an act by an appeal to the district court for the county of the residence

of the licensee. § 39-7,130, R. S. Supp., 1955; § 60-420, R. R. S. 1943. Appellee did not choose to pursue a direct attack on the order of the director by appeal. The order of revocation of the license of appellee of December 3, 1956, is valid and effective. The license of appellee to operate a motor vehicle was surrendered to appellant because of his demand for it October 1, 1956, and he retained it until December 29, 1956, when it was returned to appellee. Appellee was thereby wrongfully and without authority of law deprived of his license and its use and enjoyment for 2 months and 29 days.

The judgment should be and it is reversed and the cause is remanded with directions to the district court for Lancaster County to render a judgment herein dismissing the petition of appellee; sustaining the order of revocation of the license of appellee of December 3, 1956, involved in this case; requiring appellee to surrender his license to operate a motor vehicle to appellant; and adjudicating that the period of revocation of the license remaining shall be 9 calendar months and 2 days from and after the rendition of a judgment as herein described. The cost of this appeal should be taxed to appellee.

REVERSED AND REMANDED WITH DIRECTIONS.

CARTER, J., participating on briefs.