James C. Bradford, appellee, v. L. N. Ress, first and
real name unknown, Director of Motor Vehicles
of the State of Nebraska, appellant.

93 N. W. 2d 17

Filed November 14, 1958. No. 34414.

*Clarence S. Beck,* Attorney General, and *Cecil S. Brubaker,* for appellant.

*George W. Dittrick* and *Moyer & Moyer,* for appellee.

Heard before Simmons, C. J., Carter, Messmore, Yeager, Chappell, Wenke, and Boslaugh, JJ.

Chappell, J.

Plaintiff, James C. Bradford, appealed to the district court from an order of defendant, L. N. Ress, director of motor vehicles, which had revoked plaintiff's license to operate a motor vehicle in this state. Plaintiff's primary ground for relief was in substance that the order of revocation was erroneous and unenforceable because the justice of the peace of Norfolk, Madison County, who, upon one occasion had convicted plaintiff of speeding, was without jurisdiction to render judgment of conviction, and same was void because no complaint was on file in such court charging plaintiff with the offense at the time the judgment was rendered. Attached to and made a part of plaintiff's petition on appeal was a copy of a written notice dated November 19, 1956, sent by defend-

ant and received by plaintiff, which had notified him by registered mail that his license to operate a motor vehicle had been revoked for 1 year from November 8, 1956, because plaintiff had accumulated a total of 12 or more points within a 2-year period. Such notice also demanded return of plaintiff's license to defendant.

In that connection, plaintiff's license had thus been summarily revoked as required by section 39-7,129, R. S. Supp., 1955, and notice thereof to plaintiff contained the information required by section 39-7,130, R. S. Supp., 1955. Also, after such final order of revocation had been rendered, defendant timely prepared an admittedly true and complete certified transcript of his proceedings concerning revocation of plaintiff's license, and plaintiff timely filed same in the district court before answer day, as required by section 60-420, R. R. S. 1943.

Plaintiff's petition prayed for stay of revocation pending final determination of his appeal, which, upon hearing, was ordered by the trial court, and he still retains his operator's license. Plaintiff also prayed for vacation of the order of revocation, reinstatement of his license, and equitable relief.

Defendant's answer denied generally; and alleged that plaintiff's license to operate a motor vehicle was No. J7-7476; and that it was still possessed by plaintiff although it had been revoked by defendant as aforesaid, and its return had been demanded. Defendant also alleged that notice thereof had been sent to and received by plaintiff, which was admitted as heretofore pointed out. Defendant prayed for dismissal of plaintiff's petition and equitable relief. Plaintiff's stipulated reply was a general denial.

After hearing, the trial court rendered judgment finding and adjudging the issues generally for plaintiff and against defendant for the reason that when the judgment of conviction of plaintiff for speeding was rendered by a justice of the peace of Madison County no complaint was on file in that court, thus said court was without

jurisdiction to render the judgment and it was null and void. Upon such basis, the judgment expressly found and adjudged that plaintiff had not accumulated 12 points within any 2-year period; and it vacated and set aside the revocation of plaintiff's license, then reinstated his license, and taxed costs to defendant. Thereafter, defendant's motion for new trial was overruled and he appealed, assigning that the trial court erred in admitting exhibit No. 2 in evidence, and that the judgment was not sustained by the evidence. We sustain the assignments.

Neither plaintiff, defendant, nor any other witness gave any oral testimony. The record contains only the pleadings with admissions therein, stipulations, a signed and filed pretrial order, and exhibit No. 2, a certified transcript of the record of proceedings before the justice of the peace of Madison County and the judgment of conviction for speeding claimed by plaintiff to be void. Exhibit No. 2 was offered by plaintiff and admitted in evidence over defendant's objection that it was immaterial in this appeal proceeding. Defendant's contention in such respect was and is that validity of plaintiff's conviction was not a question "raised before the director," a limitation in the appeal provided by section 60-420, R. R. S. 1943, and that plaintiff's contention that the judgment of conviction was void was a collateral attack which could not be raised on appeal from defendant's mandatory ministerial revocation. Under the circumstances presented here, we sustain that contention.

The notice of revocation sent to plaintiff stated in substance that on April 1, 1955, and again on March 19, 1956, plaintiff was convicted of speeding in the justice court of Dodge County; that on March 28, 1956, plaintiff was convicted of speeding in the justice court of Madison County; that on November 8, 1956, plaintiff was convicted of speeding in the county court of Cuming County; and it set forth three points charged for each such conviction, as provided by subsection (10) of sec-

tion 39-7,128, R. S. Supp., 1955, making a total of 12 points within a 2-year period.

In that connection, section 39-7,129, R. S. Supp., 1955, provides in part: "Whenever it shall come to the attention of the director that any person has, *as disclosed by the records of such director,* accumulated a total of twelve or more points within any two year period, as set out in section 39-7,128, the director shall *summarily revoke* (1) the license of such person to operate a motor vehicle in this state, * * * for a period of one year from the date of the latest conviction of such person * * *." (Italics supplied.) It will be noted that the duty to revoke is mandatory.

Section 39-796, R. S. Supp., 1955, provides in part: "To enable the director of motor vehicles punctually and economically to perform his ministerial duties in revoking * * * operators' licenses and to insure uniformity in the keeping of the records of operators' licenses * * * revoked by courts * * * he shall prepare and furnish to all courts of the state a standard form of abstract for conviction report, which shall include a form for the certified copy of the judgment of conviction and all necessary information as to the parties to the case, the nature of the offense, the date of hearing, the plea, the judgment, the amount of the fine * * * as the case may be. Every such abstract shall be certified * * * as a true abstract of the record of the court. In the administration of sections 39-794 to 39-796 or of any section of the Motor Vehicle Operators' License Act, the powers and duties conferred upon the director of motor vehicles * * * with respect to the revocation * * * of any operator's license * * * are *ministerial in character.* The director of motor vehicles shall have authority to revoke * * * operators' licenses only when positively directed to do so by the terms of the certified copy of the judgment of conviction forwarded to him by the trial court, *except as otherwise provided* in sections 39-7,129, 60-416, and 60-419, and Chapter 60, article

5." (Italics supplied.) It will be noted that the revocation is a ministerial act.

Also, section 39-794, R. S. Supp., 1955, provides in part: "Every justice of the peace * * * or court in this state shall make complete entries in the court docket, including the judgment of conviction, of every case in which a person is charged with violation of any provision of sections 39-616, 39-723, and 39-726 to 39-7,127, or sections 60-401 to 60-440, or any amendments to any of such sections, or any traffic regulations in city or village ordinances. In the event that such person is convicted * * * a certified copy of the judgment of conviction shall be sent forthwith by the justice of the peace * * * or court to the director of motor vehicles and to the county treasurer of the county wherein the convicted person was licensed; * * *."

Further, section 39-795, R. S. Supp., 1955, provides in part: "Each clerk of any court of record of this state shall also, within ten days after any final judgment of conviction of any violation of any of the provisions of sections 39-616, 39-723, and 39-726 to 39-7,127, or sections 60-401 to 60-440, or any amendments to any such sections, or any traffic regulations in city or village ordinances, send to the director and to the county treasurer a certified copy of such judgment of conviction on the standard form of abstract for conviction reports. * * * The director and the county treasurer shall keep such conviction reports in their offices, and they shall be open to the inspection of any person during reasonable business hours."

The certified transcript of defendant's proceedings concerning the revocation of plaintiff's license, prepared at plaintiff's request, and timely filed by him in the district court, was admittedly true and complete. It disclosed that each justice of the peace and the clerk of the county court respectively complied with sections 39-794 and 39-795, R. S. Supp., 1955, on certified standard conviction report forms prepared and furnished by

defendant, as required by section 39-796, R. S. Supp., 1955.

In that connection, plaintiff raised no question with regard to the validity of his convictions for speeding on April 1, 1955, and March 19, 1956, in the justice court of Dodge County, or on November 8, 1956, in the county court of Cuming County. Plaintiff did argue that the standard certified forms of the abstract for conviction reports sent to defendant were fatally defective and erroneous because certain of them did not appear to have been certified by designating their official capacity as justice of the peace or clerk of the county court. However, a supplemental transcript thereof, filed by leave of this court, corrected plaintiff's misapprehension in that respect.

The "Abstract of Court Record" of conviction certified by the justice of the peace of Norfolk, Madison County, and sent to defendant as an admittedly true and complete abstract of the judgment of conviction of plaintiff here involved, was as follows: "Defendant's Full Name James C. Bradford Operator's License No. J7-7476 Complete Address Battle Creek, Nebraska * * * Justice Court Docket No. V5 Page No. 115 Defendant's Age 33 Sex M. Race W. * * * Section Violated 39-723 Offense SPEEDING Hearing Date 3-28-56 Plea Guilty X * * * Violation Date 3-25-56 Fine $10.00 Costs $4.50 * * * Arresting Officer O. H. Young Department State Patrol." Nothing appeared therein indicating invalidity of the judgment of conviction as claimed by plaintiff.

In that connection, section 60-420, R. R. S. 1943, provides in part: "The district court shall hear the appeal as in equity and without a jury, and determine anew *all questions raised before the director; * * *.*" (Italics supplied.)

In the light thereof, and despite the italicized limitation aforesaid, plaintiff claimed the right, on appeal from the order of revocation, to show that the judgment of conviction for speeding set forth in the foregoing

recited abstract of record was void because he voluntarily appeared in said court on March 27, 1956, was then arraigned, waived reading of the complaint, pleaded guilty, and was fined and paid same, but there was no complaint then on file in said court and same was admittedly designated as made and filed March 28, 1956. No contention was made that plaintiff was not guilty of speeding upon that occasion or that the complaint for speeding was insufficient to charge the offense, and admittedly the judgment of conviction still stands of record, with its validity never having been challenged in that court or by appeal, error proceedings, or otherwise, except in this appeal from revocation of his operator's license.

Contrary to plaintiff's contention, this is not a case wherein the director had any discretion or acted in any quasi-judicial capacity. See Strasser v. Ress, 165 Neb. 858, 87 N. W. 2d 619. Section 39-7,129, R. S. Supp., 1955, required, and it was mandatory that when it came to defendant director's attention, that plaintiff had "as disclosed by the records of such director, accumulated a total of twelve or more points within any two year period, as set out in section 39-7,128" (here subsection (10) thereof), it was defendant director's duty to "summarily revoke (1) the license" of plaintiff "to operate a motor vehicle in this state * * * for a period of one year from the date of the latest conviction of" plaintiff. As stated in Stewart v. Ress, 164 Neb. 876, 83 N. W. 2d 901: "This was a duty, ministerial in character, required to be performed by appellant. § 39-796, R. S. Supp., 1955."

The question then arises, what are the "records of such director" referred to in section 39-7,129, R. S. Supp., 1955, from which defendant was required to acquire his information and summarily revoke plaintiff's license as a mandatory ministerial duty? They were the respectively duly certified standard forms of abstract for conviction reports setting forth the judgment of con-

viction and other related information, as required by section 39-796, R. S. Supp., 1955, and sent to the director by the court rendering the judgment, as required by sections 39-794 and 39-795, R. S. Supp., 1955. In this case, such records of judgments of conviction appear in the "stipulated and agreed * * * true and complete transcript of the record from the files in the Office of the Director of Motor Vehicles with reference to the plaintiff James C. Bradford, up to the date of December 3, 1956, * * *." Herein, plaintiff, by the use of exhibit No. 2, and based alone thereon, contended that one such judgment of conviction aforesaid for speeding was void for reasons heretofore set forth.

In such respect, defendant did not argue that plaintiff was not entitled to relief from that conviction of a misdemeanor if and when in other proper proceedings there was competent evidence that the judgment was void, but defendant did argue that under the circumstances, appeal by plaintiff from the order of revocation by the director in this civil proceeding was a collateral attack and not a proper method of seeking such relief. We sustain that contention.

Authorities relied upon by defendant are generally distinguishable from the case at bar, which involves a mandatory ministerial duty based upon statutory requirements. Authorities more directly in point under such provisions, and other authorities as well, which are generally distinguishable factually or by reason of statutory provisions, are found annotated in West Key Number System, Automobiles, § 144. One such late authority uses language which we approve and employ as controlling here. In In re Application of Gross, 284 App. Div. 786, 135 N. Y. S. 2d 435, the commissioner (comparable with our director) had revoked the driver's license of a motorist pursuant to mandatory provisions of the statutes because of successive traffic violations within a period of 18 months. At the time the commissioner acted and revoked the license, he had cer-

tificates of conviction required to be more comprehensive in substance than our own, which had been made out by the magistrates and forwarded to the commissioner. Upon appeal from the revocation, appellant claimed that his first conviction was void for want of conformity with certain jurisdictional statutes by the trial court. In the opinion the court indicated, under circumstances which we do not deem it necessary to recite, that appellant had waived such statutes, but that issue was not and could not be presented here.

In that opinion, the court said: "However, our decision need not depend solely upon the ground of waiver, because, even if the conviction were vulnerable to direct attack, it may not be collaterally attacked in this civil proceeding. If, in fact, the conviction was improper, petitioner's remedy was by way of a * * * proceeding to set aside the judgment of conviction * * * and unless and until that is done, he may not assert upon this appeal that the Commissioner acted improperly. The Commissioner was confronted with the proper certification of three convictions for a violation of Section 56, all occurring within eighteen months. All were in regular form with nothing to indicate the facts outlined above. He was bound to act as he did by Section 71, subd. 2, par. (c) of the Vehicle & Traffic Law, which says he 'must' revoke. The Legislature has neither required nor authorized the Commissioner to go behind and beyond the record of conviction and pass upon all questions relating to the validity thereof. * * * He could have been compelled to take the action he took upon the facts before him. It would impose an undue and unauthorized burden upon the Commissioner to mandate him to act upon convictions and at the same time require him to investigate the background of each one and pass upon its validity. On this record the Commissioner acted correctly upon the facts before him as he was required to do. Such a determination should not be annulled." That is a situation identical in all

material respects with the case at bar, and the conclusions set forth in such opinion are controlling. To hold otherwise would invite chaos and would delay and defeat the intended summary enforcement of plain mandatory statutes which were enacted to protect the public from the danger of repeated violations of traffic laws by heedless drivers of motor vehicles.

For reasons heretofore stated, we conclude that the judgment of the trial court should be and hereby is reversed and the cause is remanded with directions to sustain the order of revocation for 1 year from the date of the judgment rendered on the mandate herein, and to order plaintiff to return his license forthwith to defendant director as theretofore demanded. All costs are taxed to plaintiff.

REVERSED AND REMANDED WITH DIRECTIONS.

SIMMONS, C. J., dissenting.

The court is concerned with the "summary enforcement" of the statutes by the director. That is not the question presented here.

Here we are concerned with the rights of a licensed driver, their extent under the statutes, and their protection in the courts of this state after the summary proceedings before the director have been exercised. We begin here where the summary proceedings end.

The proceedings before the director are summary. They are ex parte, no witnesses are called, no hearing had, and no opportunity given to the driver to present his contentions. The order of the director becomes as final an order as is the "judgment of a court of general jurisdiction." § 60-420, R. R. S. 1943. It is difficult to conceive of a more summary proceeding. But that proceeding as such is not an issue here.

For the statute gives a person feeling aggrieved the right of an "appeal." § 39-7,130, R. S. Supp., 1955; § 60-420, R. R. S. 1943.

And what is the right of appeal? The statute defines it: "The district court shall hear the appeal *as in*

*equity,* and without a jury, and determine *anew* all questions raised before the director; * * *." (Emphasis supplied.) § 60-420, R. R. S. 1943.

I am concerned with the impact of this decision on the right of trial on "appeal as in equity" and "anew." This decision reduces the right of appeal to the limited right of an error proceeding, and restricts that to the limitation as to whether the "records of such director" sustain his final order. Such is not the legislative intent in the plain language of the act.

The court quotes the statute in part, but does not undertake to define the rights which flow from it.

In Commonwealth v. Herzog, 359 Pa. 641, 60 A. 2d 37, the proper official suspended a driver's license for a statutory cause. He appealed to the court of common pleas and the suspension was affirmed. On further appeal, the Supreme Court reversed and vacated the suspension order. The pertinent provisions of the opinion follow: "It is implicit in the opinion filed by the court below that the primary concern of the hearing judge was whether the action of the Secretary of Revenue was justified by the available evidence in the case. Such an approach to the problem was, of course, contrary to the intent of The Vehicle Code. The relevant provision of the Statute (Sec. 616, 75 PS § 193), as frequently and uniformly construed by this Court, means that the hearing on an appeal to a common pleas court from an order of the Secretary of Revenue suspending an operator's license is to be de novo: * * * In Commonwealth v. Cole, 350 Pa. 369, 371, 39 A. 2d 361, Mr. Justice Patterson, speaking for this Court, said with respect to existing pertinent decisions,—'All of these cases hold that an appeal to the court is not for the purpose of reviewing the evidence taken before the secretary, and his action thereon, but *to hear evidence and determine,* in the exercise of the court's sound discretion and in the furtherance of justice, whether the license should be suspended'. Nor was the error of

the situation offset by the bald statement in the opinion, subsequently filed, that 'The Court heard the case de novo and at the conclusion of the testimony dismissed the appeal'. That expression was but a pro forma affirmation of the legal requirement in the circumstances which had not been followed in practice as will be seen.

"After treating with the evidence in the case and finding that the defendant was 'not entirely free of negligence', the court below dismissed the appeal because of the expressed feeling '* * * that the department has not abused the discretion which the law gives them in suspending the operator's license of any person operating a motor vehicle in an accident resulting fatal to any person * * *'. *Yet, the court's duty in the premises was to determine independently, on the basis of the testimony adduced at the hearing on the appeal, whether the suspension was merited.* One of the principal offices of the appeal, in obedience to constitutional requirements, is to furnish a judicial hearing on the merits. In no way does the appeal partake of the nature of a certiorari: see Commonwealth v. Funk, 323 Pa. 390, 397, 186 A. 65. In that case, it was held (p. 399) that the inclusion by the hearing court of testimony taken before the Secretary on the license suspension, merely as a part of the record on the appeal, was error. The offense of the court in the present instance was even greater." (Emphasis supplied.)

But we need not go afield for decisions construing the Legislature's meaning and the scope of the trial provided for in the instant case.

In Deshler Broom Factory v. Kinney, 140 Neb. 889, 2 N. W. 2d 332, we had before us provisions of the Nebraska Unemployment Compensation Law.

I quote from that opinion: "On the trial of the case in the district court, the court permitted the introduction of additional and new evidence, to which objection was timely made on the ground that the case, under the

unemployment compensation act, was required to be heard on the record made before the appeal tribunal. Subsection (h) of section 48-706, Comp. St. Supp. 1939, states in part: 'In any judicial proceeding under this section, trial de novo shall be had to the judge of such court.' There is no other language restricting the scope of the investigation to be made by the district court. The district courts of this state are courts of general jurisdiction, and in the absence of specific statutory restriction a provision of statute providing for an appeal to and a trial de novo in the district court contemplates a trial in the commonly accepted sense of that term in a court of general jurisdiction, including the right to produce evidence in the same manner as if the action had originated in the district court." The syllabus point is: "A trial de novo in a court of general jurisdiction, in the absence of statutory language restricting its scope, means a trial in the commonly accepted sense of that term in such a court."

In Beecham v. Falstaff Brewing Corp., 150 Neb. 792, 36 N. W. 2d 233, we had before us this language from the same law as it existed at that time: " 'In any judicial proceeding under sections 48-638 to 48-640 the court shall consider the matter de novo *upon the record.*' " (Emphasis supplied.)  I emphasize the above language because the court seems to place some importance to the "as disclosed by the records" provision of section 39-7,129, R. S. Supp., 1955, in connection with "all questions raised before the director" provision of section 60-420, R. R. S. 1943.  Nevertheless in the Beecham case we followed the Deshler Broom Factory case and held: "It follows then that when this matter came before the district court it became the *duty* of that court to consider and determine the case de novo or in other words to try the case anew." (Emphasis supplied.)  The syllabus point is: "In a hearing in the district court on appeal from a determination of an appeal tribunal set up under the provision of the Placement and Unemploy-

ment Insurance Law of the State of Nebraska the trial *is required* to be de novo, or in other words anew." (Emphasis supplied.)

Finally in A. Borchman Sons v. Carpenter, 166 Neb. 322, 89 N. W. 2d 123, we held: "Preliminary to a statement of fact and issues, it is necessary that we determine two matters. First. By the provisions of sections 48-639 and 48-640, R. R. S. 1943, of the Employment Security Law, the district court *and this court* consider the causes de novo upon the record, or 'in other words to try the case anew.' * * * This means also that it is the duty of this court to 'retry the issue or issues of fact involved in the finding or findings of fact complained of' and 'reach an independent conclusion' thereon." (Emphasis supplied.)

In the face of the mandate of the statute and the decisions of this court, the court now directs an affirmation of the order of the director based on a review of the purported record of the proceedings before the director. A trial de novo is denied.

What were the issues made in the trial court?

By his petition on appeal the plaintiff alleged in part: "The Plaintiff expressly denies that he was lawfully convicted of the offense of speeding at the times and on the dates set forth in the Defendant's letter of November 19, 1956, * * *." The court refers to this letter and it relates to the four alleged convictions for speeding upon which the action of the director rests.

The director answered summarizing the record of the four convictions upon which he had based the revocation order. There was no reply filed but in a pretrial order it was admitted by plaintiff that certain allegations of the director as to plaintiff's residence, the identifying number of his operator's license, and the entry of the revocation order were true, and "by way of reply plaintiff denies each and every other allegation of affirmative defense contained in said answer; * * *."

In the face of that state of the pleadings, the court

states: "* * * plaintiff raised no question with regard to the validity of his convictions for speeding on April 1, 1955, and March 19, 1956, * * * or on November 8, 1956, * * *." I submit that by the pleadings plaintiff put those matters in direct issue.

What was the evidence in the district court that this driver had accumulated a total of 12 or more points? I hold that question was a direct issue in the district court. It was likewise the question before the director.

The court states that a "certified transcript of defendant's proceedings * * * timely filed by him in the district court, was *admittedly* true and complete." (Emphasis supplied.)

But what about the "certified transcript * * * was admittedly true and complete" statement of the court?

Following defendant's answer, in the transcript, is a page entitled "Certificate" and reciting that the "attached is a complete and accurate transcript" of the proceedings in re operator's license of plaintiff. Only the first page, which contains the "Certificate" has a filing mark. This is followed by nine unidentified pages containing no filing mark. They are no more "attached" to the certificate than they are to all other documents in the transcript. Then comes a pretrial order. This "Certificate" is not identified in or referred to in defendant's answer.

The court holds that the record of judgments of conviction appear in the "stipulated and agreed * * * true and complete transcript of the record from the files in the Office of the Director of Motor Vehicles with reference to the plaintiff James C. Bradford, up to the date of December 3, 1956, * * *." The quote is correct, and taken from the pretrial order, but is incomplete. Omitted is "Exhibit 1 is a" ahead of true and complete, and omitted from the conclusion is "and may be offered and received in evidence without further foundation."

The important thing is that "Exhibit 1" was neither identified, offered, nor admitted in evidence. The con-

tents of the exhibit do not appear. "Ex. No. 1" appears on the certificate page of the paper filed with the clerk of the district court. There is no attempt to identify the transcript filed in the district court clerk's office with "Exhibit 1" referred to in the pretrial order.

Obviously the stipulation was the standard form for stipulating a waiver of foundation. It is so expressed. The exhibit to be considered in the trial should have been offered in evidence. This is the construction that the parties put on the stipulation, for exhibit 2, under a stipulation in the pretrial order, containing the exact condition was offered and received in evidence. To be considered here the exhibit must have been offered in evidence. It was not so offered.

The long established and heretofore followed rule is: "In order that a stipulation of facts may be considered on appeal, such stipulation must be identified and offered in evidence on the trial of the case and preserved in a bill of exceptions." Higgins v. Postal Life & Casualty Ins. Co., 161 Neb. 278, 73 N. W. 2d 175.

Even on the court's theory of the limited review afforded there was obviously no sufficient evidence before the trial court to sustain the director's action. He at least should be required to prove his "record" that sustains his action. And yet the trial court is ordered to direct the affirmance of the director's order even though there was no evidence before the trial court to show the required convictions to sustain the accumulation of 12 points.

The court holds that the plaintiff is making a collateral attack on a judgment and there is the suggestion that he should have made a direct attack on the judgment in a court of competent jurisdiction and, having succeeded, then come to the director for relief from his "final order." Nowhere in the statute is there a suggestion that the Legislature contemplated such a circuitous multiple suit route to relief.

The court is concerned with the "chaos" and "delay"

that will follow any other decision than the one it makes.

Section 39-7,131, R. S. Supp., 1955, provides: "Upon receiving a certified copy of the judgment of conviction of any resident of this state in any other state, the director shall charge such person with the number of points such offense would have justified if committed in this state."

This decision can not only mean that a resident of Richardson County might be required to go to Sioux County to make such a direct attack, and all action in the director's office be enjoined in the meantime, but under these exact circumstances, if there were a questioned judgment by a court of Maine or Washington or Florida or Alaska, a resident of Nebraska could be required to go to an extreme point in the United States, now even to Alaska, and there in a foreign state, in a foreign tribunal, seek relief from a void or voidable judgment, and all as a condition precedent to proving that a certificate filed with the director was false. Where is "delay" or "chaos" avoided?

Under this decision the certified summary of the judgment imports absolute verity. No relief from a foreign judgment may be had in the courts of this state. Certainly there can be no legislative intent that such be the result.

For all practical purposes the right of appeal in this class of cases is now a useless procedure.