STATE OF NEBRASKA, DEPARTMENT OF MOTOR VEHICLES, APPELLEE, v. LAWRENCE D. LESSERT, APPELLANT.

196 N. W. 2d 166

Filed March 31, 1972. No. 38154.

Laurice M. Margheim and Bump & Bump, for appellant.

Clarence A. H. Meyer, Attorney General, and Betsy G. Berger, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

McCOWN, J.

The Department of Motor Vehicles revoked the driver's license of the plaintiff, Lawrence D. Lessert, on November 25, 1970. The basis for the revocation was the accumulation of 12 or more points for traffic violations under the provisions of sections 39-7,128 and 39-7,129, R. R. S. 1943. The plaintiff appealed to the district court and was granted a stay of revocation. Thereafter the district court found generally for the Department of Motor Vehicles, denied plaintiff's claims for relief,

and dismissed the action. We affirm.

On November 21, 1970, the plaintiff was convicted of careless driving under an ordinance of the City of Gordon, Nebraska. The plaintiff pleaded no contest to the charge nor did he take any direct appeal from the conviction. The conviction of November 21 resulted in a 4-point assessment. When added to plaintiff's previous convictions, this resulted in an accumulation of 13 points within a 2-year period. The Department of Motor Vehicles revoked the driver's license of plaintiff on November 25, 1970, and notification of the revocation was received by the plaintiff on November 30, 1970. The district court stayed the order of revocation and it remains suspended.

The plaintiff's appeal rests on the contention that the November 21 conviction was void because it was based on an ordinance which was unconstitutionally vague. He also asserts that he was denied procedural due process required by Bell v. Burson, 402 U. S. 535, 91 S. Ct. 1586, 29 L. Ed. 2d 90, because of the lack of notice or hearing prior to the order of revocation by the Department of Motor Vehicles. He also contends that the scope of review in the district court is impermissibly restricted.

This court has very recently considered the due process issues under the point system statutes as affected by Bell v. Burson and determined them adversely to the plaintiff. See Stauffer v. Weedlun, *ante* p. 105, 195 N. W. 2d 218. That case specifically held that the Director of Motor Vehicles acts ministerially in revoking a driver's license under the point system and that the appeal procedures provided under section 39-7,130 and section 60-420, R. R. S. 1943, contemplate a full evidentiary hearing which meets the due process requirements of both the federal and state Constitutions.

The plaintiff indirectly asserts also that Bradford v. Ress, 167 Neb. 338, 93 N. W. 2d 17, may be construed as limiting the hearing on an appeal to the district court

to an error proceeding strictly confined to a review of the records of the Director of Motor Vehicles. Such an interpretation would restrict judicial review to the sole issue of whether the records of the Director sustain his final order. We think it clear that this was not the legislative intent and that conclusion is now reinforced and compelled by Bell v. Burson, *supra*. In Stauffer v. Weedlun, *supra,* we indicated that completely void judgments, erroneous or fraudulent records, and abstracts of convictions may be challenged at the evidentiary hearing provided for in the district court de novo review of the order revoking a driver's license. We now specifically affirm that holding. The necessary foundational facts must support the validity of the order of revocation. To the extent that Bradford v. Ress, 167 Neb. 338, 93 N. W. 2d 17, may be in conflict, it is overruled. We point out also that the notice and hearing available to a motorist in connection with the trial and appeal of each conviction which may contribute to an ultimate point system revocation of his driver's license is an obvious and integral part of constitutional due process.

Fundamentally, plaintiff's appeal rests on the contention that the city ordinance of Gordon under which he was convicted on November 21, 1970, is unconstitutionally vague. That issue was not raised in the city court of Gordon, and there was no appeal from that conviction. The claim of unconstitutionality rests on the assertion that the ordinance was in some respects similar to a state statute which was declared unconstitutional by this court. They were not the same. There is no evidence that any court anywhere has ever declared ordinance No. 259 of the City of Gordon or any identical statute or ordinance unconstitutional.

The plaintiff's theory of unconstitutionality by reason of resemblance or similarity is an application of the "guilt by association" technique. It runs aground for several reasons. The issue of constitutionality becomes

res judicata because the constitutionality of the ordinance was an integral part of the judgment of the city court of Gordon when it convicted the plaintiff of a violation of ordinance No. 259. See Norlanco, Inc. v. County of Madison, 186 Neb. 100, 181 N. W. 2d 119. In that case, this court determined that a failure to raise an issue of constitutionality in the trial court in effect waived any claimed defense subsequently on that ground. This court said: "The phase of the doctrine of res judicata precluding subsequent litigation of the same cause of action is much broader in its application than a determination of the questions involved in the prior action; the conclusiveness of the judgment in such case extends not only to matters actually determined, but also to other matters which could properly have been raised and determined therein." The judgment of conviction here was not only not void, it was not even voidable.

Plaintiff's theory also founders under the well-established rule that ordinances and statutes are presumed to be constitutional. Unconstitutionality must be clearly established; and courts will not pass on a question of constitutionality if the issue may be disposed of on other grounds. Metropolitan Utilities Dist. v. City of Omaha, 171 Neb. 609, 107 N. W. 2d 397; Norlanco, Inc. v. County of Madison, *supra*.

Unless a particular traffic ordinance or statute has been judicially declared unconstitutional, a motorist convicted of a violation of that ordinance or statute cannot challenge its constitutionality in a collateral proceeding to revoke his driver's license under the point system provided by sections 39-7,128 through 39-7,130, R. R. S. 1943.

The determination of the district court was correct and is affirmed.

AFFIRMED.