GLENN L. BOHLEN, APPELLANT, v. JOHN W. KISSACK, DIRECTOR, DEPARTMENT OF MOTOR VEHICLES, STATE OF NEBRASKA, APPELLEE.

202 N. W. 2d 171

Filed November 17, 1972. No. 38478.

Munro, Parker, Munro & Grossart, for appellant.

Clarence A. H. Meyer, Attorney General, and James J. Duggan, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

SPENCER, J.

This is an appeal from the judgment of the district court for Buffalo County, upholding the revocation of the motor vehicle operator's license of Glenn L. Bohlen by the Director of Motor Vehicles.

The revocation of appellant's license was based upon the accumulation of points in five separate convictions for violations of various traffic laws of Nebraska over a 2-year period. Appellant premises his action on the alleged invalidity of three of those traffic convictions, and the unconstitutionality of section 39-7,129, R. R. S. 1943. We affirm.

Appellant predicates his claim of jurisdictional defects on the fact that the three complaints on which the convictions were obtained were filed by persons other than the county attorney; that the record does not indicate the county attorney consented to their filing; and that the court did not receive from the complainants a bond with sufficient sureties to indemnify for wrongful or malicious prosecution, as required by section 29-404, R. S. Supp., 1972. The statute provides a procedural requirement to protect an individual from the filing of false complaints. Granted that it was not complied with in the three cases as alleged by the appellant, the complaints were processed to conviction and the issue was not raised. The judgments of conviction were not void, nor even voidable. No appeals were taken from the convictions, and those judgments became final.

In Stauffer v. Weedlun (1972), 188 Neb. 105, 195 N. W. 2d 218, we indicated that in addition to the judicial review of records of the Director of Motor Vehicles it is only completely void judgments, erroneous or fraud-

ulent records, and abstracts of convictions which may be challenged at the evidentiary hearing provided for in the district court de novo review of the order revoking a driver's license.

Appellant's attack on the constitutionality of section 39-7,129, R. R. S. 1943, is fully answered in Stauffer v. Weedlun (1972), 188 Neb. 105, 195 N. W. 2d 218, and State v. Lessert (1972), 188 Neb. 243, 196 N. W. 2d 166.

The judgment is affirmed.

AFFIRMED.