MICHAEL D. BAKER, APPELLANT, V. JOHN L. SULLIVAN, DI-
RECTOR OF DEPARTMENT OF MOTOR VEHICLES OF THE STATE
OF NEBRASKA, APPELLEE.

217 N. W. 2d 483

Filed April 25, 1974. No. 39320.

Cunningham, Blackburn & Von Seggern by William O.
Von Seggern, for appellant.

Clarence A. H. Meyer, Attorney General, James J.
Duggan, and Steven C. Smith, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH,
McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

SPENCER, J.

Plaintiff appeals from the dismissal of his petition to
set aside an order of suspension of his motor vehicle
operator's license. We reverse.

His operator's license was revoked because plaintiff
had allegedly accumulated a total of 12 points within
a 2-year period. Included in the 12 points was an
alleged offense of illegal passing for which 2 points were
assessed. The abstract filed in the Department of Motor
Vehicles indicates a judgment on this offense was en-
tered September 5, 1972, and that plaintiff pleaded guilty.

Plaintiff disputes this specific violation. He testified
that he appeared pro se in the police court at Grand
Island, Nebraska, on September 5, 1972, in response to
a ticket for a traffic violation. He thought the ticket
said "illegal driving." The police court docket, not in

the space provided but on the margin, indicates that the original ticket might have been for careless driving, but apparently was amended to "illegal passing." He entered a plea of not guilty, but no trial was held. At the request of the police judge, he told the judge what had happened. No witnesses were called in the case. No one was sworn and no evidence was adduced. The judge asked him to pay the costs, which he did.

Exhibit 1-A, which is the docket entry for September 5, 1972, substantiates the plaintiff's testimony. It is unsigned. It does not indicate that a trial was held. It shows that the plaintiff pleaded not guilty. The nature of the offense is not given in the space provided. No witness fees are assessed and there definitely is no judgment entry.

Section 39-794, R. R. S. 1943, provides in part: "Every * * * police judge or court in this state shall make complete entries in the court docket, including the judgment of conviction, of every case in which a person is charged with violation of any provision of Chapter 39, article 7, Chapter 60, articles 4 and 5 or any amendments thereto, or any traffic regulations in city or village ordinances."

It is obvious the docket entry fails entirely to meet the required criteria. It is unsigned. There is no judgment entry. It does not show the date of the alleged violation or who presided over the Grand Island police court on September 5, 1972. Nor does it show who prosecuted the proceedings, what plaintiff was charged with, and which city ordinance he allegedly violated.

We held in Bohlen v. Kissack (1972), 189 Neb. 262, 202 N. W. 2d 171, that abstracts of convictions covering void judgments or erroneous or fraudulent records may be challenged at an evidentiary hearing provided for in the District Court on a de novo review of the director's order revoking a driver's license. At the hearing in the District Court the State adduced no evidence.

The plaintiff's testimony was unchallenged. The trial court was in error in dismissing the plaintiff's petition. The judgment of the District Court is reversed and the cause remanded with directions to dismiss the order of the Director of the Department of Motor Vehicles suspending plaintiff's motor vehicle operator's license.

REVERSED AND REMANDED WITH DIRECTIONS.